[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Margot Hampson wants to take the depositions of four persons in Wisconsin and, in order to do so, requests this court to grant her application for a commission. See Practice Book § 13-28 and General Statutes § 52-148c(b). Defendant Bruce Hampson objects claiming that the plaintiff's application is an abuse of the discovery process. The application is denied.
The plaintiff filed the application for a commission in connection with a post-judgment "Motion to Enforce Property Division," which she filed in on January 24, 2000. The parties' property division is set forth in a divorce decree entered by the court (Bassick, J.) on May 25, 1993. Under the terms of the judgment, the defendant was ordered to divide with the plaintiff money that he might receive from the liquidation of his interest in the "Kelly Companies." In support of the plaintiff's motion to enforce property division, she alleges that "upon information and belief' the defendant has received money from a sale or liquidation of his interests in the Kelly Companies and that he has not divided the funds with the plaintiff.
The court finds that the following procedural history of this case is relevant. The "Motion to Enforce Property Division," which is dated September 13, 2000, is identical to one that was filed in December of 1997. On December 31, 1997, the defendant filed an objection to the December 1997 motion alleging that the motion was the third such motion filed by the plaintiff. Thus, it appears that the plaintiff has now filed four motions to "Enforce Property Division." In June of 1999, the plaintiff also obtained an order to show cause with respect to a Motion to Set Aside Judgment on the Basis of Fraud and a Motion for New Trial. The CT Page 4512 court (Cutsumpas, J.) denied these motions. The plaintiff's appeal from this these orders was dismissed by the Appellate Court on May 9, 2000.
Given the history of this case, this court concludes that before the plaintiff may obtain a commission for out of state depositions she should do more than merely allege that "upon information and belief' the defendant has violated the terms of the divorce judgment. The application is denied.
THIM, J.